BOWES, Judge,
dissenting.
I must take exception to the majority’s conclusion that Coastal does not have “other uninsured motorist coverage available to the plaintiff.” An endorsement to the policy, numbered A336, which appears in the record, and upon which the defendant and the majority have relied, specifically excludes any person other than the named insured while engaged in the business of transporting property by automobile for others, or while en route for such purpose. The exclusion also applies if the automobile is being used to carry property in any business or while the automobile is being used in the business of any person or organization to whom the automobile is rented. (These last exclusions are inapplicable inasmuch as it is undisputed that the plaintiff was not in his own (the insured) vehicle).
The endorsement, however, is apparently limited to comprehensive and basic liability insurance, and to medical payments insurance. Therefore, on two counts, because the plaintiff is the named insured, and because uninsured motorist coverage does not seem to be limited in the endorsement, I disagree with the majority insofar as the opinion relies on the endorsement for its conclusions.
There appears to me to be a question of material fact as to whether the endorsement is applicable to UM coverage, which question would preclude summary judgment in favor of defendants. LSA-R.S. 22:1406(D)(l)(c)(i) and (ii), as interpreted by Breaux, cited in the majority opinion, permits a plaintiff to stack two UM policies when the insured is injured while occupying a non-owned vehicle. Since these seem to be the facts of the present case, in my opinion, there should be a trial on the merits to determine the ultimate questions of fact.
I respectfully dissent.